## UNITED STATES v. WONG HONG.

### (District Court, S. D. California. December 2, 1895.)

1. CHINESE EXCLUSION ACT.
   Under Act Oct. 1, 1888, a Chinaman who left the United States in 1893, being at the time a laborer, cannot return.

2. CONSTRUCTION OF STIPULATION—CHINESE MERCHANT.
   A stipulation in a proceeding for the deportation of a Chinaman, that "up to the 1st of August, 1893, the defendant was a merchant," does not by implication admit that he was a merchant after that date.

George J. Denis, U. S. Atty.
Marble & Phibbs, for defendant.

WELLBORN, District Judge. The defendant is charged with being a Chinese laborer, unlawfully within the United States. Upon the trial, the following stipulation was entered into by the parties:

"That prior to and up to the 9th day of November, 1893, the defendant had resided continuously in the state of California, for a period of not less than 16 years, and did reside in the state of California on said 9th day of November, 1893, on which day he departed for China, from the port of San Francisco, in this state, and that he did not return to the United States until the 27th day of May, 1895, on which day he arrived at the port of San Francisco, coming from China. That for a period of 7 years preceding, and up to the 1st of August, 1893, said defendant was a merchant, as defined by the act of congress of the United States, passed November 3, 1893, being chapter 14 of volume 28 of the United States Statutes at Large, which act is amendatory of the act of congress, passed May 5, 1892, and that during said period of time he was not a laborer. That on said 1st day of Au-

gust, 1893, the store, which was situated in the city of Riverside, Riverside county, Cal., and at which defendant carried on his said business as a merchant, was destroyed by fire. That at the time of his said departure for China the defendant did have, and ever since has had, and now does have, property in the state of California, to the amount of not less than $5,000, and that the defendant has never been charged with or convicted of a crime or felony. That after the passage of the act of congress of November 3, 1893, there was no office open within the state of California wherein or at which this defendant could register, and no such office was open until after the 1st day of January, 1894, subsequent to the time the defendant departed for China, and which said registration offices were closed May 6, 1894."

From the evidence adduced, I find the following facts: About six weeks or two months after the fire, referred to in said stipulation, another house was built on the lot where the original store stood. The firm of Duey Lee & Co., who occupied said store at the time of the fire, opened business, in the new store, two weeks or more before the defendant left San Francisco for China. Defendant was a member of the firm, and put into the business $800. After the fire, and until his departure for China, defendant devoted himself to said business, which, so far as the evidence shows, was conducted wholly in the name of Duey Lee & Co. Defendant has, all along, up to the present time, retained his interest in said firm. After the defendant's return from China and to Riverside, and up to the time of his arrest, he stayed in the store, and aided in the transaction of its business. While there is some conflict as to whether or not the defendant, after his return from China, was engaged in manual labor, disconnected with said mercantile business, the preponderance of evidence is to the effect that he was at times employed in manual labor not connected with said business. However, this circumstance, in my view of the case, is not controlling, and perhaps immaterial.

The defendant's right to be in the United States must depend upon his having been a merchant at the time of his departure therefrom, November 9, 1893. If at that time he was a laborer, his return to the United States was in contravention of the act of October 1, 1888 (1 Supp. Rev. St. p. 625), and unlawful. Construing this section, the supreme court of the United States, Justice Field delivering the opinion, says:

"The result of the legislation respecting the Chinese would seem to be this, that no laborers of that race shall hereafter be permitted to enter the United States, or even to return after having departed from the country, though they may have previously resided therein and have left with a view of returning." Wan Shing v. U. S., 140 U. S. 424, 11 Sup. Ct. 729.

The defendant, having departed from the country in 1893, cannot now be lawfully here, unless the facts sustain his contention that he was a merchant at the time of such departure. The act of November 3, 1893, provides as follows:

"The term 'merchant,' as employed herein and in the acts of which this is amendatory, shall have the following meaning and none other: A merchant is a person engaged in buying and selling merchandise, at a fixed place of business, which business is conducted in his name, and who during the time he claims to be engaged as a merchant, does not engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant." 2 Supp. Rev. St. p. 154.

An analysis of this provision shows that, in order to constitute a person a merchant, four things are necessary: First, such person must be engaged in buying and selling merchandise; second, he must be so engaged at a fixed place of business; third, said business must be conducted in his name; fourth, he must not, during the time he claims to be engaged as a merchant, engage in the performance of any manual labor, except such as is necessary in the conduct of his business as such merchant. With reference to these constituents, it is only necessary to say, that the defendant has not only failed to establish the third constituent, but the evidence shows its nonexistence. While it is true that the stipulation, already mentioned, necessarily admits that the mercantile business therein referred to was conducted in the defendant's name, yet it will be observed that the period covered by this stipulation extended only to the 1st of August, 1893, and in no way affects defendant's business subsequent thereto. The claim of the defendant, that his status of merchant, as fixed by this stipulation, continues, presumptively, beyond August 1, 1893, I do not think is tenable, for two reasons: First. The language of the stipulation excludes the idea that it was intended thereby impliedly to admit that the defendant was a merchant subsequent to the date fixed, August 1, 1893, the language of the stipulation being "that * * * up to the 1st of August, 1893, the defendant was a merchant." From this language the fair inference, I think, is that the parties to the stipulation intended that the defendant's status subsequent to the date named, should be determined, not by the stipulation, but by the evidence adduced on the trial. Second. The stipulation itself shows that the business to which it refers was destroyed by fire on said date. If, however, the defendant's mercantile status, as fixed by said stipulation, ought to be presumed to continue until the contrary is established by affirmative proof, I think that result has been accomplished, for the uncontradicted evidence shows that, subsequent to the 1st of August, 1893, the defendant's mercantile business was not conducted in his name. The evidence is uncontradicted and positive to the effect that the firm name was Duey Lee & Co., and there is not a particle of evidence that the defendant's name appeared in any way in the conduct of said business. It is impossible, therefore, to hold in this case that the defendant is a merchant, without an utter disregard of the act of congress above mentioned. The circuit court of appeals of this circuit has decided that, in order to constitute a person a merchant within the meaning of said act, it is not necessary that his name appear in the firm designation, but it is sufficient if his interest be real and appear in the business and partnership articles in his own name. Lee Kan v. U. S., 10 C. C. A. 669, 62 Fed. 914. In the present case, there is no proof that the defendant's name appeared in the partnership articles or elsewhere in the business, while the proof is positive that the business, subsequent to August 1, 1893, was not conducted in the defendant's name.

My conclusion is that the defendant, Wong Hong, is a Chinese laborer, and unlawfully within the jurisdiction of the United States, and the judgment of the court will be that said defendant, Wong Hong, be removed from the United States to China, and that the deportation of the said Wong Hong be made from the port of San Francisco, Cal., and that said Wong Hong be, and is hereby, committed to the United States marshal for the Southern district of California for the purpose aforesaid.